**SAWBROOK STEEL CASTINGS CO., Appellee, v. UNITED STEEL WORKERS OF AMERICA, et al., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6665. Decided June 24, 1946.

James G. Manley, Gatch, Geisler & Kleinmann, and Rendigs & Fry, Cincinnati, for Appellee.
J. W. Brown and Kenneth D. Troy, for Appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from an order of the Court of Common Pleas of Hamilton County, adjudging Raymond G. Sowder guilty of contempt of court, and, by way of punishment, committing him to the county jail of Hamilton County for ten days and adjudging that he pay the costs of the contempt proceeding.

The correctness of the conviction is not raised by this appeal, and, for that reason, no bill of exceptions was filed showing what took place at the hearing of the contempt charge. The only question raised is whether the punishment exceeded the power of the court.

By §§11,887 and 11,888, GC, which are found in Part Third, Title IV, Division V, Chapter 4, a court granting an injunction is authorized to enforce obedience to an injunction or restraining order by punishing disobedience as a contempt. The penalty provided in §11,888, GC, may be a fine not exceeding two hundred dollars, for the use of the county, a requirement that immediate restitution be made to the party injured and security for future obedience.

By §§12,137 and 12,142, GC, found in Division VIII, Chapter 3 of the same Part and Title of the General Code, courts are authorized to impose a fine of not exceeding $500.00, or imprisonment of not more than 10 days or both for contempt for disobedience or resistance to any lawful writ, process, order, rule, judgment, or command.

It will be observed that the punishment imposed in this case comes within the power conferred by §12,142 (the penalty section) GC, but is greater than that authorized by §11,888, GC,

At the hearing in this Court it was contended on the one hand that the Common Pleas Court was limited to punishment for disobedience of an injunction by §11,888, GC, and, on the other hand, it was contended that it had the power to impose a greater punishment, as provided in §12,142, GC. We have examined the law applicable to these contentions, but have reached the conclusion that this Court is bound by the decision of the Supreme Court of Ohio in the case of Pilliod v Searles, 115 Oh St 694. In that case, Pilliod was adjudged guilty of contempt, in that he violated an injunction and was ordered to pay a fine of $200.00, two-thirds of the costs and to be confined in the county jail for 10 days. The testimony had been

taken before a Master Commissioner, appointed by the Court, and the right to do so was challenged by Pilliod, and that was the only subject discussed in the syllabus. However, at page 697, the Court in its opinion said:

"Secs. 11,887 and 11,888, GC, prescribing the penalty for disobeying an order of injunction, are not exclusive, but are cumulative with §§12137, 12142 and 12147, GC, relating to contempt and the punishment therefor.

"In this instance the record shows that the Court of Appeals found upon the evidence, which it considered and deemed competent when it came to consider the report of the testimony ordered taken by the commissioner, appointed at the request of both parties, that the said plaintiff in error had violated its order in injunction, and proceeded to enter what it deemed to be the proper judgment in the premises. Surely this power was not only inherent in the court, but was also within legislative enactment, and in this instance the only objection which the plaintiff in error urges is as to the manner of producing the testimony to which he consented in open court in the first instance."

An examination of the printed record discloses that Pilliod raised the issue of whether §12142, GC, applied to a contempt resulting from the violation of an injunction and counsel for defendant in error in his brief took notice of the claim, saying:

"Secs. 11887 and 11888, GC, are not inclusive but are cumulative with §§12137, 12142 and 12147, GC, and these combined sections could be applied by the court of appeals in the contempt proceedings.

"Hayes v Hayes, 11 Oh Ap 10.

"I call attention to this rule of law for the reason that plaintiff-in-error claims in his brief that the court is limited to the provisions of §§12137, 12142 and 12147, GC. His position is wrong."

Furthermore, as the contention involved the jurisdiction and power of the Court, it would have been considered even in the absence of any contention by either of the parties.

For these reasons, we are of the opinion that, while it is not contained in the syllabus in the Pilliod case, that the statement in the opinion must be regarded as the deliberate conclusion of the Court upon a point necessary to the disposi-

tion of the case before it.

We, therefore, follow that decision and affirm this judgment.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur in opinion and judgment.